UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ELAINE SARGENT, as Next Friend of )
T.S. and J.S., minor children, )
 )
    Plaintiff, )
 ) Case No. 4:09CV596 HEA
vs. )
 )
JUSTIN TIME TRANSPORTATION, )
L.L.C. et. al., )
 )
    Defendants. )

## **OPINION, MEMORANDUM, AND ORDER**

This matter is before the court on Defendants, Justin Time (hereinafter Time) and Haag Food Service's (hereinafter Haag) Motion to Strike Count III of Plaintiff Elaine Sargent's Complaint [Doc. No. 9]. Plaintiff filed a Response in Opposition. Defendants Time and Haag filed a Reply, to which, Plaintiff filed a Sur-Reply. Finally, Defendants Time and Haag filed a Sur-Response.

## **Facts and Background**

Plaintiff brings this suit seeking recovery for alleged injuries arising from an accident that allegedly occurred on Interstate 70 (I-70) on December 23, 2008. Plaintiff's Complaint alleges three separate Counts. Count I is a negligence/wrongful death suit against Defendants Time, Haag, and Boyd for Boyd's alleged negligence at

1

the time of the accident.  Count II is an action for punitive damages alleging that Defendant Boyd's "complete indifference and conscious disregard for decedent's safety and the federal regulations" justifies an award of punitive damages to punish and deter Defendant Boyd from engaging in such conduct in the future.  Finally, Count III is an action against Defendants Time and Haag for negligent hiring, supervision, and retention.  Defendants Time and Haag bring a Motion to Strike Count III of Plaintiff's Complaint.

## Discussion

Federal Rule of Civil Procedure 8(e) states that:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses.  When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.  A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. . .

Pursuant to Rule 8(e), Plaintiff may set forth inconsistent claims in her Complaint.  Plaintiff can, therefore, allege that Defendants Haag and Time are one hundred percent liable under two different theories of imputed liability: the doctrine of *respondeat superior* (Count I) and the theory of negligent hiring, supervision, and retention (Count III).

Defendants argue that *McHaffie v. Bunch* stands for the proposition that a complaint cannot allege that Defendants Haag and Time are liable under the theory of *respondeat superior,* as well as a theory of negligent hiring, supervision, and retention. *McHaffie v. Bunch*, 1 S.W.2d 822 (Mo. 1995). Defendants are mistaken. The suit in *McHaffie,* arose from a motor vehicle accident involving a tractor trailer. The tractor trailer was driven by Defendant Farmer. *Id.* at 824. Bruce Transport and Leasing was the owner-lessor of the truck and Rumble Transport was the operator-lessee of the truck. *Id.* Plaintiff's Complaint charged Rumble with negligently hiring and supervising Farmer. *Id.* In a second count, the Complaint charged Bruce and Rumble with vicarious liability for Farmer's negligence. *Id.* Rumble and Bruce conceded Farmer was their employee acting in the course and scope of employment at the time of the collision. *Id.* The Missouri Supreme Court held: "that it was error to permit a separate assessment of fault to defendant Rumble based upon the 'negligent entrustment' or 'negligent hiring' theories of liability. It was also error to *submit evidence* on those theories." *Id.* at 827. (Emphasis added.)

*McHaffie* is not dispositive. At this point in the litigation, Plaintiff is not seeking to submit evidence on two inconsistent theories; Plaintiff is merely pleading two alternative theories of relief. Pleading in the alternative is clearly allowed under Federal Rule of Civil Procedure 8(e). Although, the Court can, under Federal Rule of

Civil Procedure 12(f), strike from the pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," it is premature to strike Count III at this time. Plaintiff should be afforded the opportunity to conduct discovery on each theory of liability before Plaintiff is required to choose a legal theory. Defendants' Motion to Strike Count III of Plaintiff's Complaint is denied.

Accordingly,

**IT IS HEREBY ORDERED**, that Defendants Time and Haag's Motion to Strike Count III of Plaintiff's Complaint [Doc. No. 9] is denied.

Dated this 30th day of November, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE